## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY ESTES, an Oklahoma citizen, and Personal Representative of the Estate of SCOTT ESTES, and Next of Kin of SCOTT ESTES, deceased, an Oklahoma citizen, <br><br> Plaintiff, <br><br> v. <br><br> AIRCO SERVICE, INC., an Oklahoma Company and PACCAR, INC. d/b/a PACCAR WINCH DIVISION, a Delaware Company, and ABC COMPANY, a fictitious Corporation, <br><br> Defendants. | Case No. 11-CV-776-GKF-FHM |

## OPINION AND ORDER

Before the court are the Motion to Remand of plaintiff, Nancy Estes ("Estes") [Dkt. #18]; the Motion to Dismiss of defendant Airco Service, Inc. ("Airco") [Dkt. #11], and the Partial Motion to Dismiss of defendant PACCAR, Inc. ("PACCAR") [Dkt. #12].

Plaintiff's 20-year-old son, Scott Estes, an Airco employee, was dispatched by Airco to PACCAR's warehouse to perform work on the heating, ventilation and air conditioning (HVAC) equipment on the roof of the PACCAR facility on February 9, 2011, during a blizzard. While walking on the roof of the facility, he fell through a skylight, suffering severe injuries. He died of the injuries on March 6, 2011. Plaintiff, the personal representative of his estate, filed this

action in Tulsa County District Court, asserting claims of negligence and negligence *per se* on the part of Airco, PACCAR and the unknown builder of the PACCAR facility.

PACCAR, a Delaware corporation with its principal place of business in Washington, removed the case to federal court on the basis of diversity jurisdiction. In its Notice of Removal, PACCAR alleged Airco, the sole nondiverse defendant, had been fraudulently joined. Subsequently, Airco filed its Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6); PACCAR filed a Partial Motion to Dismiss plaintiff's claim of negligence *per se*, also under Rule 12(b)(6); and plaintiff filed a Motion to Remand, claiming the court lacks subject matter jurisdiction. The issues raised in plaintiff's Motion to Remand and Airco's Motion to Dismiss are intertwined. Because the remand motion challenges subject matter jurisdiction—a prerequisite to this court's ability to consider the motions to dismiss—the court addresses it first.

### I. Allegations of the Petition

Plaintiff, a resident of Tulsa County, is the personal representative of the estate of Scott Estes. [Dkt. #2-1, Petition, ¶¶2-3]. Airco is an Oklahoma company doing business in Tulsa County, Oklahoma. [*Id.,* ¶4]. Paccar is a Delaware corporation regularly conducting business in Tulsa County, Oklahoma. [*Id.,* ¶5]. On February 9, 2011, Airco dispatched Scott Estes to perform work at PACCAR's facility. [*Id.,* ¶6]. Plaintiff alleges "Airco knew, or should have known, of the dangers and risks associated with servicing the property at PACCAR," but "did not communicate any of the dangers and risks associated with servicing the property." [*Id.*, ¶¶ 8-9]. Plaintiff alleges Airco breached a duty "to train, caution, warn, and otherwise prepare Scott Estes for dangers and risks associated with his employment." [*Id.,* ¶¶11-12]. Plaintiff alleges, "Airco was aware of the dangers of skylights because of a prior fatality incident involving another employee falling through a skylight and failed to provide training or otherwise properly

2

supervise Scott Estes." Further, Airco "did not update their safety manual to instruct and warn of the dangers of skylights" and "did not train, warn, or otherwise provide for the safety of Scott Estes, deceased, in spite of the risks and dangers that were known to them and unknown to Estes." [*Id.,* ¶¶14-16]. Plaintiff alleges, "Airco was grossly negligent in failing to communicate, train, warn, or otherwise discuss the hidden and dangerous condition which existed when Airco directed Estes to climb on the roof of the building." [*Id.*, ¶18].

Plaintiff alleges PACCAR knew or should have known of the hidden and dangerous conditions on its property. [*Id.,* ¶19]. She contends that under Federal Regulations 29 Part 1926.501 subsections (4) and (15) and 29 Part 1910.23 Subsection (A)(4) and (E)(8), PACCAR is negligent *per se* in failing to properly guard the skylights on its property, creating a known safety hazard. [*Id.,* ¶20]. Further, she alleges PACCAR breached a duty to warn Scott Estes of a hidden and dangerous condition, and that as a result of PACCAR's negligence, he fell through a skylight that was hidden and inherently dangerous. [*Id.,* ¶¶21-23]. Plaintiff contends "Paccar was grossly negligent in failing to communicate, warn, train, or otherwise discuss with Scott Estes the hidden and dangerous condition which existed on their property. [*Id.,* ¶26].

Plaintiff alleges ABC Company negligently constructed the PACCAR facility by failing to install safety guards around the skylights as required pursuant to Federal Regulations 29 Part 1926.501 subsections (4) and (15) and 29 Part 1910.23 subsection (A)(4) and (E)(8), and that ABC was grossly negligent in failing to install safety guards around the skylights. [*Id.,* ¶¶27, 31].

Plaintiff seeks actual and punitive damages against defendants. [*Id.,* ¶33].

## II. Motion to Remand

### A. Applicable Standard

A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921). A defendant can prove fraudulent joinder by showing either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. *Ryan v. State Farm Fire & Casualty Co.,* Case No. 09-CV-138-GKF-PJC, 2010 WL 56153, at *2 (N.D. Okla. Jan. 4, 2010) (citing *Dodson v. Spilada Mar. Corp.,* 951 F.2d 40; 42-43 n. 3 (6th Cir. 1992) and *Slover v. Duracote Corp.,* 443 F. Supp.2d 1272, 1276 (N.D. Okla. 2006)).

PACCAR asserts plaintiff has no possibility of recovery against Airco because the Oklahoma Workers Compensation Act, as modified in 2010, requires that plaintiff must allege the injury to her son was the result of "willful, deliberate, specific intent of the employer to cause [the] injury." This—PACCAR contends—plaintiff cannot do.

When a defendant raises specific allegations of fraudulent joinder, the court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.,* 378 F.2d 879, 881-82 (10th Cir. 1967). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B. Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). To prove its allegation of fraudulent joinder, the removing party must demonstrate that there is no possibility plaintiff would be able to establish a cause of action against the defendant in state court. *See Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000). In evaluating fraudulent joinder claims, the court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Id.* The

court must then determine whether the party has any possibility of recovery against the party whose joinder is questioned. *Id.* However, this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty. *Smoot,* 378 F.2d at 882.[1]

### B. Analysis

Plaintiff contends the case should be remanded because Airco, her son's employer, is an Oklahoma company; thus diversity jurisdiction is lacking. However, PACCAR—the removing defendant—asserts plaintiff's claim against Airco is barred by the exclusive remedy provision of the Oklahoma Workers' Compensation Act ("OWCA"), 85 O.S. § 1 *et seq., repealed and recodified at* 85 O.S. § 301 *et seq.*, and as a result, Airco has been fraudulently joined.

Under the OWCA, an employer is liable for an employee's work-related injury or death. 85 O.S. § 11, *repealed and recodified at* 85 O.S. § 310(A). The liability imposed on employers under the act is "exclusive and in place of all other liability of the employer" except in the case of an intentional tort or where the employer has failed to secure the payment of compensation for the injured employee. 85 O.S. § 12, *repealed and recodified at* 85 O.S. § 302(A).[2] Until 2010, the statute contained no language defining the word "intentional."

---

[1] PACCAR contends the *Twombly* plausibility standard applies to the fraudulent joinder analysis. In *Shue v. High Pressure Transports, LLC,* 2010 WL 4824560 at *7, n. 2 (N.D. Okla. November 22, 2010), then Chief Judge Claire Eagan rejected this argument, finding that *Twombly*'s plausibility standard is inconsistent with the rules governing fraudulent joinder, that the two were distinct inquiries, and that a plaintiff's failure to allege a claim under the *Twombly* standard does not foreclose the possibility of recovery for the purpose of a fraudulent joinder analysis.

[2] The OWCA was repealed and recodified in its entirety in 2011. *See* S.B. 878, 53rd Leg., Reg. Sess. (Okla. 2011), codified at 85 O.S. § 301 *et seq.* (effective August 26, 2011). The recodified version of the OWCA, as it relates to liability for intentional torts, is substantively identical to the version in effect at the time of Estes' death. (*See* discussion of 2010 amendment of § 12 below.)

In *Parret v. Unicco Service Co.,* 127 P.3d 572 (Okla. 2005), the Oklahoma Supreme Court supplied the meaning of the term "intentional," adopting the "substantial certainty" standard. The court stated:

> In order for an employer's conduct to amount to an intentional tort, the employer must have (1) desired to bring about the worker's injury or (2) acted with the knowledge that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, *the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow.* The issue is not merely whether injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated.

*Id.* at 579 (emphasis added).

In 2010, the Oklahoma Legislature amended § 12 to do away with *Parret's* "substantial certainty" standard, as follows:

> B. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The issue of whether an act is an intentional tort shall be a question of law for the Court.

*See* H.B. 2650, 52nd Leg., Reg. Sess., § 3 (Okla. 2010), codified at 85 O.S. § 12, *repealed and recodified at* 85 O.S. § 302. The amendment to § 12 took effect on August 27, 2010, and the new language remained unchanged when the OCWA was recodified in 2011.

The 2010 amendment explicitly eliminates an employee's right to bring an intentional tort claim premised on the "substantial certainty" standard. *Berry v. Norris Sucker Rods,* No. 10-CV-321-GKF-TLW, 2011 WL 3734213, at *2 (N.D. Okla. Aug. 24, 2011). As a result, to state an intentional tort claim against an employer, the employer must allege that the injury was the result of "willful, deliberate, specific intent of the employer to cause [the] injury." *Id.*

Plaintiff acknowledges the demise of the "substantial certainty" standard but asserts that because the new statute is untested in Oklahoma courts, the facts in this case do not permit a

6

conclusive determination that plaintiff has no possible cause of action against Airco. She argues the following allegations in the Petition might establish the employer's "willful, deliberate, specific intent" through circumstantial evidence:

- Airco "knew or should have known of the dangers and risks associated with servicing the property at Paccar," but did not communicate any of the dangers and risks associated with servicing the property. [*Id.*, ¶¶ 8-9].

- Airco breached a duty "to train, caution, warn, and otherwise prepare Scott Estes for dangers and risks associated with his employment." [*Id.,* ¶¶11-12].

- Airco was aware of the dangers of skylights because of a prior fatality incident involving another employee falling through a skylight and failed to provide training or otherwise properly supervise Scott Estes, and/or update its safety manual to instruct and warn of the dangers of skylights, in spite of the risks and dangers that were known to them and unknown to Estes. [*Id.,* ¶¶14-16].

- Airco was grossly negligent in failing to communicate, train, warn, or otherwise discuss the hidden and dangerous condition which existed when Airco directed Estes to climb on the roof of the building." [*Id*., ¶18].

Plaintiff argues these acts, if proved, support a conclusion that Airco deliberately and intentionally caused her son's death because the company intentionally chose not to protect workers like Scott Estes. The court disagrees. Section 12 of the OWCA, as amended, explicitly states that "allegations or proof that the employer had knowledge that such injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort." The alleged acts are all acts that might support a conclusion that the employer had knowledge such injury was substantially certain to result from its conduct. They are not, however, adequate to support a claim that Airco acted with "willful, deliberate, specific intent" to cause the injuries leading to the death of Scott Estes.

Plaintiff, though, contends that if permitted to amend her complaint, she would allege the following additional facts:

7

- Airco directed Scott Estes to service the HVAC unit in blizzard conditions, during a FEMA-declared Statewide Emergency, on a roof where he had no possible way to see where the skylights were located.

- Airco knew the skylights were on the roof and was "acutely aware of the danger of unguarded skylights" because one employee had already died after having fallen through an unguarded skylight.

- Airco had been cited before by OSHA for violating safety precautions by directing employees to access roofs with unguarded skylights.

- Heedless of the risk, Airco directed Scott Estes to climb up to the roof with scattered, unguarded skylights which were particularly deadly because they were concealed by snowdrifts and extra fragile due to the snow's added pressure.

[Dkt. #18 at 7-8]. The proposed allegations—like those already in the petition—do not support a claim of "willful, deliberate, specific intent" to cause the injury or death of plaintiff's son. Indeed, even before amendment of § 12, the Oklahoma Supreme Court rejected the use of OSHA violations to establish an intentional tort. *Price v. Howard,* 236 P.3d 82, 90 (Okla. 2010). Similarly, allegations of failure to train or supervise employees are "based on negligence … [and are] the type of claim[s] that [are] barred by the exclusive remedy provision of Section 12." *Armstrong v. Carr,* 77 P.3d 598, 603 (Okla. Civ. App. 2003).

Citing *Shue,* plaintiff urges the court to remand this case to state court, where she could—if necessary—amend her petition to satisfy the requirements for pleading an intentional tort claim against Airco. In *Shue,* as in this case, plaintiff filed a wrongful death suit in state court naming, *inter alia,* her decedent's employer. The case was removed to federal court based on diversity jurisdiction, with defendants alleging the employer had been fraudulently joined. The employer filed a motion to dismiss and the plaintiff filed a motion to remand. The court granted the motion to remand. However, *Shue* differed from this case in one critical respect: The *Parret* "substantial certainty" test applied to the plaintiff's claim in *Shue*, because the accident giving rise to the lawsuit occurred before the effective date of the 2010 amendment of § 12. Thus,

8

Judge Eagan found that although plaintiff had failed to plead facts supporting a plausible *Parret* claim, it was possible she could amend her complaint to do so. 2010 WL 4824560, at *7.

In contrast, the accident giving rise to this suit occurred after the 2010 amendment became effective. Therefore, plaintiff must plead facts supporting a claim of "willful, deliberate, specific intent" on the part of the employer. Plaintiff has suggested no facts supporting such a claim.

The court rejects plaintiff's assertion that it is unclear whether, under the amended § 12, a pre-*Parret* standard is restored or whether a "newer intentional tort standard applies—one that may be established with circumstantial evidence." [Dkt. #18 at 7]. Before *Parret,* an exception to the OWCA's exclusivity provision was only recognized where an employee could show that her employer specifically intended to harm her. *Compare Pursell v. Pizza Inn, Inc.*, 786 P.2d 716 (Okla. Civ. App. 1990) (exception to workers' compensation exclusivity recognized where employees alleged supervisor sexually battered and harassed them), *and Thompson v. Madison Mach. Co.,* 684 P.2d 565 (Okla. Civ. App. 1984) (exception recognized where plaintiff was struck in the face with a wrench by a co-employee who was also part owner of employer) *with Harrington v. Certified Sys., Inc.,* 45 P.3d 430 (Okla. Civ. App. 2001) (no exception recognized where employer used a floor rig that did not fit, did not secure the floor from sliding out of place and directed employee to work around unsecured floor without a hard hat that he had requested), *and Toberts v. Barclay,* 369 P.2d 808 (Okla. 1962) (no exception recognized where employee fell from loose scaffolding). "The 2010 amendment eliminating *Parret* toward claims explicitly eliminates an employee's right to bring an intentional tort claim premised on the 'substantial

certainty' standard." *Berry v. Norris Sucker Rods,* No. 10-CV-321-GKF-TLW, 2011 WL 3734213 (N.D. Okla. Aug. 24, 2011). *See also Shue,* 2010 WL 4824560 at *5.[3]

Plaintiff has neither pled nor suggested she can plead facts supporting a claim that Airco specifically intended the death of her son. Therefore, amendment would be futile. Plaintiff's joinder of Airco in this lawsuit was improper and does not defeat PACCAR's right to remove the action to federal court based on diversity jurisdiction.

Plaintiff also argues that, to the extent she is precluded from recovery by the OCWA, the result violates Article 23, § 7 of the Oklahoma Constitution.[4] The court rejects plaintiff's constitutional argument as a basis for permitting joinder of Airco. The court lacks jurisdiction to determine plaintiff's entitlement to OCWA benefits and declines to entertain a constitutional challenge to a statute not at issue before it in this lawsuit. Additionally, the Oklahoma Supreme Court has recognized in numerous cases that heirs-at-law who cannot show a pecuniary loss are not entitled to recover death benefits under the OWCA for their decedent's work-related death. *See In re Death of McBride,* 536 P.2d 356 (Okla. 1975); *Silva v. Gulf Oil Corp.,* 320 P.2d 711 (Okla.1958).

Plaintiff's Motion to Remand must be denied.

---

[3] The court rejects plaintiff's request to certify to the Oklahoma Supreme Court the question, "Can an employer, by intending the conduct that caused an injury to its employee but without intending the injury, possess the intent necessary for the employer's injury-producing conduct to amount to an intentional tort under Okla. Stat. tit. 85, § 302(B)." The answer, in light of pre-*Parret* law, and the legislature's amendment of the OCWA, is clearly "no."

[4] Under the OCWA, a surviving parent of an employee who dies from job-related injuries is entitled to 25% of the average weekly wages of the employee only if the parent was actually dependent on the child. 85 O.S. § 22(6), *amended and recodified at* 85 O.S. § 337. Nancy Estes was not dependent on her 20-year-old son. However, independent parents may recover as "heirs-at-law" under the OWCA if they have sustained pecuniary loss. *See Hughes Drilling Co. v. Crawford,* 697 P.2d 525, 528 (Okla. 1985). Benefits for pecuniary loss are limited to $5,000. 85 O.S. § 22(9), *amended and recodified at* 85 O.S. § 337. Plaintiff argues it is unclear whether she will be able to recover under § 22(9).

### III. Defendant's Motions to Dismiss

### A. Applicable Standard

A Rule 12(b)(6) motion is properly granted when a complaint provides "no more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Id.* However, a court need not accept as true those allegations that are no more than "labels and conclusions." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974.

### B. Analysis

### 1. Airco's Motion to Dismiss

Airco, citing the amended OCWA statute, seeks dismissal of plaintiff's claim against it pursuant to Fed.R.Civ.P. 12(b)(6). Applying the standard applicable to motions to remand, the court has determined plaintiff has not and cannot, in good faith, allege facts supporting a claim that Airco intended the death of her son. The court reaches a similar conclusion applying the *Twombly* standard. The petition gives the court no reason to believe plaintiff has a reasonable likelihood of mustering factual support for her claim that Airco intended her son's death. As a result, her claim against the employer is barred by § 12 of the OCWA.

## 2. PACCAR's Partial Motion to Dismiss

PACCAR seeks dismissal of plaintiff's claim of negligence *per se*. Because this case was removed from state court based on diversity jurisdiction under 28 U.S.C. § 1332, Oklahoma law applies to determine the substantive rights of the parties. *See Adrean v. Lopez*, No. 10-CV-670-CVE-FHM, 2011 WL 3880930, at *2 (N.D. Okla. Sept. 2, 2011) (citing E*rie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938)).

Under Oklahoma law, a violation of a statute or ordinance constitutes negligence *per se* only if the injury was of a type intended to be prevented by the statute or ordinance and the injured party was of the class meant to be protected by the statute or ordinance. *Busby v. Quail Creek Golf & Country Club,* 6885 P.2d 1326, 1329 (Okla. 1994). "[T]he duties mandated by OSHA regulations flow from an employer to an employee." *Marshall v. Hale-Halsell Co.,* 932 P.2d 1117, 1119 (citing 29 U.S.C. §§ 652, 654 (Okla. 1997).[5] Thus, under Oklahoma law, a defendant's alleged violation of an OSHA regulation which causes injury to a non-employee is not negligence *per se*. *See Clayborn v. Plains Cotton Coop. Ass'n,* 211 P.3d 915, 919 (Okla. Civ. App. 2009) (holding the trial court did not err in refusing to instruct the jury that it was negligence per se not to comply with OSHA regulations because "[t]he plain language of the OSHA regulations at issue direct *employers* to act in certain ways to protect *employees*," and plaintiff was not an employee of the defendant cooperative). Moreover, after its investigation of the accident giving rise to this lawsuit, OSHA cited Airco pursuant to 29 C.F.R. § 1910.23(a)(4)

---

[5] Plaintiff argues *Marshall* is inapplicable because the alleged OSHA violations in that case were for failure to train and this case involves unsafe conditions. However, in *Marshall,* the court relied upon OSHA's general definition statute, 29 U.S.C. § 652, and its statutory description of duties of employers to employees, 29 U.S.C. § 654, to conclude the duties mandated by OSHA regulations flow from the employer to employees. Those statutes are applicable *all* duties imposed on employers and not, as plaintiff asserts, only the duty to train.

for failing to guard the skylight, but it did not cite PACCAR. [Dkt. #20, Plaintiff's Response to PACCAR's Motion for Partial Dismissal, Ex. 1].

PACCAR's motion to dismiss plaintiff's negligence *per se* claim must be granted.

## Conclusion

For the foregoing reasons, plaintiff's Motion to Remand [Dkt. #18] is denied. Defendant Airco's Motion to Dismiss [Dkt. #11] and defendant PACCAR's Partial Motion to Dismiss [Dkt. #12] are granted.

ENTERED this 24th day of May, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT